**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1581

_____

ANTONIOS STAMOS,
                                   Appellant

v.

STATE OF NEW JERSEY;
Office of the County Prosecutor, County of Bergen;
JOHN L. MOLINELLI, as Bergen County Prosecutor

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-05828)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2010

Before: SMITH, FISHER and GARTH, Circuit Judges

(Opinion filed: October 7, 2010)

_____

OPINION

_____

PER CURIAM

     Antonios Stamos filed in the District Court an action under 42 U.S.C. § 1983,

which the District Court dismissed with prejudice.  Stamos, proceeding *pro se*, appeals

that decision.  For the reasons that follow, we will affirm the judgment of the District Court.

I

In 1996, Stamos was cited in New Jersey for a traffic violation.  He appeared in Municipal Court, Borough of Tenafly, and pleaded guilty; the court imposed a $55 fine and $30 in court costs.  Over the next four years, the Municipal Court sent Stamos at least seven payment requests, but he never complied.  As a result, the court issued a warrant for Stamos' arrest in 2000.

In 2007, Stamos appeared before the Municipal Court and sought permission to withdraw his 1996 guilty plea.  The court agreed and ordered a new trial, after which Stamos was again convicted.  He was sentenced to pay a $150 fine and $33 in court costs.  Stamos then initiated the first of several unsuccessful appeals challenging his 2007 conviction on the ground that it violated the Fifth Amendment's prohibition on double jeopardy.

After the United States Supreme Court denied his petition for *certiorari* in 2009, Stamos filed in the District Court a complaint under 42 U.S.C. § 1983, raising the same double jeopardy claim and seeking declaratory and injunctive relief.  The District Court dismissed the action under 28 U.S.C. § 1915(e)(2), reasoning that the complaint failed to state a cognizable claim for relief because it was barred as *res judicata* and, in the alternative, because the court lacked subject matter jurisdiction.  Stamos filed a timely appeal.

2

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court decision to dismiss a complaint under § 1915(e)(2). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, which is the same standard we apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6), "[w]e accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Stamos'] favor." Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009)). "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [Stamos], we determine that [he] is not entitled to relief under any reasonable reading of the complaint." McGovern, 554 F.3d at 115. Further, we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

We will not reach the reasons given by the District Court for dismissing Stamos' complaint because it is plain that the District Court lacked jurisdiction under the Rooker-Feldman doctrine. See Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "In certain circumstances, where a federal suit follows a state suit, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, __ F.3d __, 2010 WL 3035466, *4 (3d Cir. August 5, 2010). There are four requirements that must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost

3

in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at *6 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Here, there is no question that these requirements are met. Stamos lost in state court before filing his § 1983 suit, the injuries of which he complains were caused exclusively by the state court judgments in question, and his request for relief specifically included invalidation of the state courts' rulings as to that claim. Accord Erlandson v. Northglenn Mun. Ct., 528 F.3d 785, 788-90 (10th Cir. 2008) (holding that Rooker-Feldman barred challenge in federal district court to municipal court conviction and fine for littering).

Thus, dismissal under 28 U.S.C. § 1915(e)(2) was appropriate, and we will affirm the judgment of the District Court.